UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE BERG, | ) | CIV. 09-4179-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTIONS TO DISMISS UNDER |
| JOHNSON & JOHNSON; | ) | RULE 12(b)(6) |
| JOHNSON & JOHNSON | ) | |
| CONSUMER COMPANIES, INC.; | ) | |
| LUZENAC AMERICA, INC.; | ) | |
| JOHN DOES/JANE DOES 1-30; | ) | |
| UNKNOWN BUSINESSES AND/OR | ) | |
| CORPORATIONS A-Z, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., (Johnson & Johnson), move to dismiss the complaint under Rule 12(b)(6). Defendant, Luzenac America, Inc., joins Johnson & Johnson's motion to dismiss. Plaintiff, Deane Berg, resists defendants' motions. Defendants' motions to dismiss are denied.

**BACKGROUND**

Berg was diagnosed with ovarian cancer on December 26, 2006. Berg filed her complaint against defendants on December 4, 2009. In summary, the complaint alleges that a product manufactured and sold by defendants caused Berg's ovarian cancer. The complaint alleges that defendants are liable under several theories, including strict liability, negligence, breach of

warranty, civil conspiracy, acting in concert, and gross negligence. Defendants move to dismiss the claims in the complaint under Rule 12(b)(6) asserting a statute of limitations defense. Alternatively, defendants move to dismiss the civil conspiracy and acting in concert claims under Rule 12(b)(6) arguing that the complaint does not plead sufficient facts.

**ANALYSIS**

**I.   Statute of Limitations Defense**

Defendants argue that the complaint must be dismissed because Berg failed to bring her claims within the three-year time period that applies to product liability claims. Berg argues that the cause of action against defendants was commenced in a timely manner.

The Eighth Circuit Court of Appeals stated in *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004), that "when it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Id.* at 1016 (quoting *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985)). The Eighth Circuit Court of Appeals then noted that the same was true with regard to Arkansas law. *Id.* (citing *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 843 S.W.2d 842, 844 (Ark. 1992)).

In *Guthmiller v. Deloitte & Touche, LLP*, 699 N.W.2d 493 (S.D. 2005), however, the South Dakota Supreme Court held that a statute of limitations

2

"defense may only be raised by 'answer or other responsive pleading.' " *Id.* at 497 (citing SDCL 15-2-1). According to the South Dakota Supreme Court, "[a] pre-answer motion under Rule 12(b), such as a motion to dismiss for failure to state a claim, is not a responsive pleading." *Id.* Therefore, "[s]ince no responsive pleadings were filed, the circuit court erred in granting the motion to dismiss on the statute of limitations defense." *Id.*

As a general rule in a case filed under diversity jurisdiction, substantive matters are dictated according to state law, and procedural matters are controlled by federal law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.") The conflicting holdings in *Varner* and *Guthmiller* as to whether a statute of limitations defense can provide a basis for dismissing a claim under Rule 12(b) seemingly requires the court to address whether South Dakota or federal law applies with regard to whether a case may be dismissed on the basis of a statute of limitations defense prior to answering the complaint. But the court need not resolve this issue because defendants' motion to dismiss is denied under the federal standard established in *Varner*.

Because defendants move to dismiss the complaint under Rule 12(b)(6), the court looks only to the complaint and considers only those matters outside the complaint that are not disputed. *See Jenisio v. Ozark*

3

*Airlines, Inc. Ret. Plan for Agent and Clerical Emps.*, 187 F.3d 970, 972 n.3 (8th Cir. 1999) ("A district court may consider documents on a motion to dismiss where . . . the parties do not dispute the actual contents of the documents."). Therefore, the court has not considered the numerous attached exhibits filed in this case. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003).

The complaint alleges that on or about December 26, 2006, Berg was diagnosed with ovarian cancer. Docket 1 at 5. The complaint was filed on December 4, 2009. Docket 1. On December 27, 2009, Luzenac America signed the Acknowledgment of Receipt of Summons and Waiver of Service of Summons. On December 28, 2009, Johnson & Johnson signed the Acknowledgment of Receipt of Summons and Waiver of Service of Summons.

SDCL 15-2-12.2 sets forth the applicable time period for bringing a products liability claim. It states in relevant part that a products liability claim against "a manufacturer . . . for . . . personal injury, death, or property damage caused by or resulting from the manufacture . . . of any product . . . may be commenced only within three years of the date when the personal injury, death, or property damage occurred, became known or should have become known to the injured party." SDCL 15-2-12.2.

At the outset, the parties dispute when the statute of limitations began to run. The court will not address these arguments because "a limitations

defense may properly be asserted through a Rule 12(b)(6) motion to dismiss" only when it "appears from the *face of the complaint itself* that the limitation period has run." *Varner*, 371 F.3d at 1016 (emphasis added). The complaint alleges that Berg was diagnosed with ovarian cancer on December 26, 2006. Therefore, for purposes of defendants' motion to dismiss under Rule 12(b)(6), the date that Berg's alleged personal injuries "became known" by her was December 26, 2006. *See* SDCL 15-2-12.2.

The next issue then is whether Berg commenced the cause of action within three years of December 26, 2006. The case is before the court on the basis of diversity jurisdiction and alleges various state-law claims. Thus, South Dakota law determines when Berg's cause of action was commenced against defendants. *Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 451 (8th Cir. 1990) ("[A] federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when service is made." (internal quotations and citation omitted)).

Under SDCL 15-2-30, "[a]n action is commenced as to each defendant *when the summons is served on him*, or on a codefendant who is a joint contractor or otherwise united in interest with him." SDCL 15-2-30 (emphasis added). South Dakota law permits service of the summons by mail. *See* SDCL 15-6-4(i) ("Notwithstanding any other provision of law, a summons may be served upon a defendant in any action by mailing a copy of

the summons, two copies of the notice and admission of service, conforming substantially to the form provided for in § 15-6-4(j), and a return envelope, postage prepaid, addressed to the sender."). Defendants do not dispute that they waived their right to formal service of the summons on December 27, 2009, and December 28, 2009.

The court is unable to find any controlling authority as to when a cause of action has been "commenced" where a party has waived the right to service of the summons. Nonetheless, it stands to reason that a party has been "served" for purposes of SDCL 15-2-30 once that party has signed and returned the waiver of the right to be served the summons. *Cf. Parsley v. Parsley*, 734 N.W.2d 813, 819 (S.D. 2007) ("A summons is properly served upon a defendant in any action by mailing a copy of the summons and two copies of the notice and admission of service, assuming a copy of the admission of service is signed and returned by the party being served."). If it were otherwise, a party could waive the right to service of the summons, wait until the statute of limitations expired, and then claim that the cause of action was not "commenced" in a timely manner under South Dakota law.

Defendants argue that Berg agreed that this case was "commenced" once the waivers had been filed on January 4, 2010, with the clerk of court. In support of this argument, defendants rely on language in a form that is referenced in Federal Rule of Civil Procedure 4(d). Specifically, Rule 4(d)(1)(D)

6

states that the requested waiver "must . . . inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service." Form 5 states in relevant part that "[t]he action will . . . proceed as if you had been served on the date the waiver is filed[.]"

The court rejects defendants argument that the parties "agreed" that this case commenced when the signed waivers were filed. The language relied on by defendants in Form 5 uses the word "proceed," not "commenced." Moreover, South Dakota law, not the Federal Rules of Civil Procedure, determine when a cause of action is "commenced" for purposes of a statute of limitations defense. *Walker v. Thielen Motors, Inc.*, 916 F.2d at 451. Defendants have not identified any controlling authority suggesting that a cause of action is "commenced" when the signed waivers are filed.

For the reasons expressed above, the court finds that the cause of action was "commenced" after defendants signed and returned the waivers of service of the summons. *Cf. Parsley*, 734 N.W.2d at 819 ("A summons is properly served upon a defendant in any action by mailing a copy of the summons and two copies of the notice and admission of service, assuming a copy of the admission of service is signed and returned by the party being served."); SDCL 15-2-30 ("An action is commenced . . . *when the summons is served on him*[.]" (emphasis added)). Defendants do not dispute that they signed the waivers on December 27, 2009, and December 28, 2009. There is

7

nothing in the complaint or the undisputed outside material suggesting that the waivers were returned at a later date. Thus, the cause of action against defendants commenced no later than December 28, 2009.

As explained above, Berg's alleged injuries "became known" on December 26, 2006, when she was diagnosed with ovarian cancer. "In computing any period of time[,] . . . the day of the act [or] event . . . from which the designated period of time begins to run shall not be included." SDCL 15-6-6(a). The three-year time period therefore began on December 27, 2006. *Toben v. Jeske*, 718 N.W.2d 32, 35 (S.D. 2006) (holding that "SDCL 15-6-6(a) unquestionably applies" to statutes of limitations). Berg must have then "commenced" her case by December 26, 2009. *See* SDCL 15-2-12.2 (stating that the action must be "commenced only within three years"); *Toben*, 718 N.W.2d at 34 ("Toben was injured on July 2, 2001. The three years began on July 3, 2001, and ended on July 2, 2004.").

December 26, 2009, however, fell on a Saturday. And "[t]he last day of the period so computed shall be included, unless it is a Saturday [or] a Sunday[,] . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." SDCL 15-6-6(a). Therefore, Berg had until December 28, 2009, to commence her cause of action against defendants. As explained above, Berg's cause of action against defendants was "commenced," within the meaning of SDCL 15-2-30, no later than

8

December 28, 2009. Thus, the cause of action was commenced within the three-year period set forth in SDCL 15-2-12.2.

## II. Insufficient Facts

Defendants alternatively argue that the civil conspiracy claim (Count 4) and acting in concert claim (Count 5) should be dismissed under Rule 12(b)(6) because the complaint fails to plead sufficient facts showing that defendants had reached an agreement. Berg argues that the facts set forth in the complaint are sufficient to support the claims at this point in the proceedings.

Under Rule 12(b)(6), the facts alleged in the complaint must be considered true and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)). Recently, the United States Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 1949. The Supreme Court further stated that "only a complaint that states a plausible claim for relief survives a

9

motion to dismiss." *Id.* at 1950. "The plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " (citing *Iqbal*, 129 S. Ct. at 1949)). The "fundamental tenet of Rule 12(b)(6) practice" that "inferences are to be drawn in favor of the non-moving party" has not, however, been changed. *Braden*, 588 F.3d at 595 (citations omitted).

The following elements are required for a civil conspiracy claim: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Setliff v. Akins*, 616 N.W.2d 878, 889 (S.D. 2000) (citing *In re TMJ Implants Prods. Liab. Litigation*, 113 F.3d 1484, 1498 (8th Cir. 1997)). A civil conspiracy claim "is not an independent cause of action, but is sustainable only after the underlying tort claim has been established."[1] *Id.* at 889 (internal quotations and citations omitted).

---

[1] Defendants do not challenge any of the underlying tort claims.

10

With regard to the acting in concert claim, the complaint cites Restatement (Second) of Torts, Section 876.[2] The acting in concert claim does not, however, identify a particular portion of Section 876. Based on the facts alleged in the complaint, it appears that the acting in concert claim is premised on Section 876(a), which states that "one is subject to liability if he does a tortious act in concert with the other or pursuant to a common design with him." Restatement (Second) of Torts § 876(a) (1979). The South Dakota Supreme Court has cited the Restatement (Second) of Torts, Section 876, with approval when addressing joint tortfeasor liability. *See Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 773 (S.D. 2002) (citing Restatement (Second) of Torts § 876(b) (1979) and SDCL 15-8-11 (defining joint tortfeasor)).

The complaint sets forth numerous studies explaining that defendants' products cause ovarian cancer. Docket 1 at 5-11. The complaint also alleges that defendants "have been in possession of medical and scientific data,

---

[2] Section 876 reads as follows:
>  For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

11

literature and test reports which clearly indicated the use of their products by women resulting from ordinary and foreseeable use of the above described products were unreasonabl[y] dangerous[.]" Docket 1 at 15. The complaint goes on to allege that defendants jointly "caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading." Docket 1 at 15. The complaint also alleges that defendants "have been long-standing and active members and donors of the Cosmetic, Toiletry, and Fragrance Association (CTFA)[,]" which "wrote a letter to [the] Director of the National Toxicology Program (NTP) . . . in an attempt to stop the NTP from listing cosmetic talc as a carcinogen in the upcoming 10th RoC Report." Docket 1 at 10.

These factual allegations, if true, along with the inferences drawn in favor of Berg as the nonmoving party, sufficiently "state a claim to relief that is plausible on its face" with regard to both the civil conspiracy claim and the acting in concert claim. *See Iqbal*, 129 S. Ct. at 1949. Thus, defendants' motion to dismiss under Rule 12(b)(6) for failing to plead sufficient facts is denied. It is

ORDERED that Johnson & Johnson's motion to dismiss (Docket 9) is denied.

IT IS FURTHER ORDERED that Luzenac America's motion to dismiss (Docket 23) is denied.

Dated September 21, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE