UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE BERG, | ) | 09-4179-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING EXPONENT'S |
| | ) | MOTION TO QUASH |
| JOHNSON & JOHNSON; | ) | |
| JOHNSON & JOHNSON | ) | |
| CONSUMER COMPANIES, INC.; | ) | |
| LUZENAC AMERICA, INC.; | ) | |
| JOHN DOES/JANE DOES 1-30; | ) | |
| UNKNOWN BUSINESSES | ) | |
| AND/OR CORPORATIONS A-Z, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Deane Berg, and defendants are involved in a lawsuit that is pending in the United States District Court for the District of South Dakota. Berg served a Rule 30(b)(6) subpoena on nonparty Exponent, Inc., directing Exponent's corporate representative to appear for a deposition to be taken in Ridgeland, Mississippi. Docket 111-1. Exponent moves to quash the subpoena in part because it is invalid. Berg opposes the motion to quash the subpoena. Docket 121. The motion to quash is granted.

## BACKGROUND

On December 4, 2009, Berg brought suit against multiple defendants in the District of South Dakota alleging numerous claims including strict products liability, negligence, breach of warranties, civil conspiracy, acting in concert, and gross negligence. Docket 1. On August 1, 2012, Berg issued a 30(b)(6) subpoena directed to nonparty Exponent, Inc., of Alexandria, Virginia.

The subpoena directed the corporate representative of Exponent to attend a deposition in Ridgeland, Mississippi, and to produce certain described documents. The subpoena was signed by Berg's attorney and was issued under the authority of the United States District Court for the "Southern District of South Dakota." Docket 111-1.

On August 15, 2012, Exponent told Berg that its subpoena was invalid because it was not issued from the court for the district in which the deposition is to be taken. Berg and Exponent were not able to resolve the issue. On August 22, 2012, Exponent moved to quash the subpoena. Docket 109. Later that day, defendant Luzenac America, Inc., moved for a protective order to preclude the deposition of Exponent. Docket 114. Berg opposes both motions.

## DISCUSSION

Federal Rule of Civil Procedure 45 addresses the issuance of subpoenas. Rule 45(a)(1)(A)(i) requires the subpoena to state the court from which it is issued. A subpoena must issue "for attendance at a deposition, from the court for the district where the deposition is to be taken[.]" Fed. R. Civ. P. 45(a)(2)(B). Here the subpoena appears to specify that it is being issued by the United States District Court for the District of South Dakota, but it is commanding appearance of a nonparty to attend a deposition in the state of Mississippi. The language of Rule 45 is clear and requires that a subpoena must be issued by the court where the deposition is to be taken. *See, e.g., Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994); *U.S. Bancorp*

*Equipment Finance, Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 139 (E.D.N.Y. 2010). Therefore, the court finds that the subpoena is void on its face and unenforceable. *See id.* (holding that subpoena issued from improper court was invalid and unenforceable); *CSX Transp., Inc. v. Superior Grain LLC*, 2009 WL 948660 (D.N.D. 2009) (holding that subpoena issued from improper court was void).

Berg argues that the scope of the subpoena should be modified rather than quashed. But because the subpoena is void and invalid, this court is without authority to modify an unenforceable subpoena. As a result, the subpoena is quashed.

## CONCLUSION

Berg failed to properly issue a subpoena under the requirements of Fed. R. Civ. P. 45. Therefore, the subpoena is invalid and cannot be enforced. Accordingly, it is

ORDERED that Exponent Inc.'s motion to quash (Docket 109) is granted.

IT IS FURTHER ORDERED that Luzenac America's motion for a protective order (Docket 114) is denied as moot.

Dated September 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE