UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE BERG, | ) | CIV. 09-4179-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION FOR JUDGMENT ON THE |
| JOHNSON & JOHNSON; | ) | PLEADINGS |
| JOHNSON & JOHNSON | ) | |
| CONSUMER COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The remaining defendants in this suit, Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc., move for judgment on the pleadings to dismiss plaintiff's civil conspiracy and acting in concert claims. Plaintiff, Deane Berg, resists the motion. For the following reasons, defendants' motion is denied.

## DISCUSSION

Defendants' motion for judgment on the pleadings is brought under Federal Rule of Civil Procedure 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotations and citations omitted). To survive a motion for judgment

on the pleadings, "the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (internal quotations omitted).

Defendants argue Berg's civil conspiracy claim should be dismissed for two reasons: (1) it no longer has any legal foundation, and (2) it is a legal impossibility. Both theories rely on the fact that Luzenac America, Inc. is no longer a party to this case.

First, defendants argue that because Luzenac is no longer a party to this action, Berg's civil conspiracy claim is redundant. Under South Dakota law, "civil conspiracy is not an independent cause of action, but is sustainable only after an underlying tort claim has been established." *Selle v. Tozser*, 786 N.W.2d 748, 756 (S.D. 2010). Civil conspiracy is "only a theory to establish [a defendant's] vicarious liability for the damages caused by the underlying tort." *Id.* If a defendant is found liable for the underlying tort itself, then it is unnecessary to "consider whether he may have also been vicariously liable for those damages under a civil conspiracy theory." *Id.* Here, because Luzenac is no longer a defendant in this action and defendants can no longer be held liable for Luzenac's torts, defendants argue the civil conspiracy claim against them is no longer appropriate.

The court agrees with defendants' interpretation of the law and the proposition that arises therefrom, which is that a civil conspiracy claim is redundant when there is only one defendant. But the court disagrees with

defendants' application of the law to the facts here because two defendants still remain—(1) Johnson & Johnson and (2) Johnson & Johnson Consumer Companies, Inc. As a result, the issue now is whether Berg's complaint sufficiently pleads a conspiracy between Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.

 Berg's civil conspiracy allegations in her complaint do not refer to specific defendants but instead refer to the defendants in the aggregate. For example, the complaint states that "Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully and maliciously withheld, concealed and suppressed said medical information regarding the increased risk of ovarian cancer from Plaintiff." Docket 1 at ¶ 45. Nowhere in the complaint's "Count Four – Civil Conspiracy" section is there a reference that only Luzenac and Johnson & Johnson or Luzenac and Johnson & Johnson Consumer Companies, Inc. were involved in the alleged conspiracy. The complaint sufficiently pleads facts which allege that Johnson & Johnson conspired with Johnson & Johnson Consumer Companies, Inc. Therefore, because the complaint sufficiently pleads a civil conspiracy between Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. and because Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. are both still defendants in this action, Berg's civil conspiracy claim is not redundant.

 Defendants' second argument—Berg's civil conspiracy claim is a legal impossibility—is a more difficult question, but not for the reasons pointed out

by defendants. Defendants, incorrectly assuming the complaint only envisioned a conspiracy between Luzenac and one of the Johnson & Johnson defendants, argue that because Luzenac has been dismissed, the only remaining party (whether it is Johnson & Johnson or Johnson & Johnson Consumer Companies, Inc.) involved in the alleged conspiracy cannot conspire with itself. By not accounting for the situation in which Johnson & Johnson conspired with Johnson & Johnson Consumer Companies, Inc., defendants' argument misses the mark. Therefore, the issue here is not whether a party can conspire with itself, but whether a parent corporation can conspire with one of its subsidiaries.

The parties have not briefed this issue, and the court is unaware of a South Dakota Supreme Court case, or any other case interpreting South Dakota law, that has specifically addressed this issue. Without clear guidance from the South Dakota Supreme Court and in the absence of any briefing by the parties on what appears to be an issue of first impression, the court will not decide at this time whether, under South Dakota law, a parent corporation can conspire with one of its subsidiaries. Therefore, the motion to dismiss Berg's civil conspiracy claim is denied, but defendants are free to raise this issue during trial at the close of plaintiff's case.

With respect to Berg's acting in concert claim, defendants argue that her acting in concert claim is not separate and apart from her civil conspiracy claim. Under the circumstances here, the court agrees that Berg's civil

4

conspiracy and acting in concert claims are one and the same. The purpose of each is to establish joint tortfeasor liability. Therefore, the court does not intend to give two separate jury instructions—one for civil conspiracy and one for acting in concert—at the conclusion of trial because doing so would be superfluous. Accordingly, it is

ORDERED that defendants' motion for judgment on the pleadings (Docket 246) is denied without prejudice.

Dated September 12, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE