IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE BERG, | ) | Civ. No. 4:09-CV-04179-KES |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JOHNSON & JOHNSON; | ) | PLAINTIFF'S BRIEF IN SUPPORT OF A |
| JOHNSON & JOHNSON | ) | NEW TRIAL ON DAMAGES |
| CONSUMER COMPANIES, | ) | |
| INC., | ) | |
| DEFENDANTS. | ) | |

On October 4, 2013, the duly empaneled jury seated to hear the above-entitled action rendered a verdict in favor of Plaintiff on her claim for Negligent Failure to Warn against Defendants and awarded no damages. This verdict is the product of plain error in the Verdict Form as the form is inconsistent with the jury instructions and South Dakota law. Consequently, Plaintiff requests a new trial on damages under Federal Rule of Civil Procedure 59(a).

## **FACTS**

Plaintiff Deane Berg proceeded to trial against Johnson & Johnson and its subsidiary, Johnson & Johnson Consumer Companies, Inc., for strict liability failure to warn and negligent failure to warn. A multi-day trial commenced, and the jury was instructed on a number of issues. As to liability, the jury found in favor of Mrs. Berg on the claim of negligent failure to warn claim. Doc. # 327. To reach this decision, the jury was instructed in the Verdict Form to consider Final Instruction No. 8.

Final Instruction No. 8 required the jury to determine (1) whether Johnson & Johnson was negligent in failure to warn of the dangers associated with the use of its

products, and the (2) whether the failure to warn caused Mrs. Berg's personal injury. [Doc. # 326].  Final Instruction No. 8 further stated that;

> If either of these elements has not been proved by the greater convincing force of the evidence, then your verdict must be for Johnson & Johnson Consumer Companies, Inc. on this claim.

According to the Verdict Form, the jury found for Mrs. Berg, i.e. liability and causation of personal injury.

As to damages, Final Jury Instruction No. 11 informed the jury that "If you decide for Berg on the question of liability *you must then fix* the amount of money which will reasonably and fairly compensate Berg" on three separate components of damage. [326 at 14] (emphasis added).

The three components were (1) "disability and disfigurement;" (2) "The pain and suffering, mental anguish, and loss of capacity of the enjoyment of life experienced in the past and reasonably certain to be experienced in the future as a result of the injury;" and (3) "The reasonable value of necessary medical care, treatment, and services received, and the reasonable value of the necessary expense of medical care, treatment, and services reasonably certain to be received in the future." [326 at 14].

While Instruction 11 told the jury they must determine damages if they found for Mrs. Berg, the Verdict Form communicated something different.  Instead of requiring the entry of a dollar amount in the case of a liability finding, the Verdict Form told the jury that:

> If you found in favor of Deane Berg on the issue of liability on either her strict liability claim or her negligence claim, then determine the total amount of damages, if any, for the reasonable value of necessary medical care, treatment, and services received by Deane Berg in the past, as

>explained in Final Instruction No. 11. State the amount, or, if none, write the word "none."

[327 at 2] (emphasis added). Therefore, the Jury Verdict actually instructed the jury contrary to Final Instruction No. 11, with the Instruction informing the jury they "must" find damages, and the Verdict informing the jury that it could return a verdict of "none."

After trial, the jury found in favor of Johnson & Johnson Consumer Companies regarding Mrs. Berg's strict liability claim. [331]. The jury further determined the company had negligently failed to warn Mrs. Berg of the dangers of its product. [331]. However, despite uncontested proof at trial of her medical losses, disfigurement due to chemotherapy, and future medical costs, the jury returned "none" for her damages. [327 at 2; 331].

## LEGAL STANDARD

FRCP 59(a) allows a court to grant a new trial "on all or some of the issues--and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." As *Wright & Miller* note, "[p]erhaps the most common example is the grant of a new trial limited to damages when liability has been properly determined . . . ." 11 Fed. Prac. & Proc. Civ. § 2814 (3d ed.). This is precisely the issue before this Court.

Neither Plaintiff nor Defendant made a specific objection to the Verdict Form. Without a specific objection, the analysis of the jury instructions including special interrogatories are reviewed under the "plain error" standard of review. Horstmyer v. Black & Decker, 151 F.3d 765, 770 (8th Cir. Mo. 1998). "Plain error" means that the error has resulted "in a miscarriage of justice in order to compel reversal." Id. at 771.

3

The pertinent query is "whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Id. *citing* Kansas City Power & Light Co. v. Ford Motor Credit Co., 995 F.2d 1422, 1430 (8th Cir. 1993). Based upon the plain error in the verdict form, Plaintiff should be granted a new trial on damages pursuant to FRCP 59(a).

## ARGUMENT

The jury determined that Johnson & Johnson Consumer Companies, Inc., had negligently failed to warn Deane Berg about the dangers of its talc products. [Doc. 327]. Pursuant to the clear language of Final Instruction No. 8, the jury found that the negligence of Johnson & Johnson in failing to warn of the dangers of talc products was the legal cause of Mrs. Berg's personal injury. [Doc. 326 7 327]. The Verdict Form Question 3 and Final Instruction No. 8 are harmonious in their charge to the jury.

Unlike the liability and causation instructions, Verdict Form Question 4(a) and Final Instruction No. 11 are not harmonious. A new trial on damages alone will cure this error.

In this action, Plaintiff's sole claim of injury was Johnson & Johnson's talc being a substantial contributing factor into causing her ovarian cancer. The ovarian cancer and its natural consequences including surgery, disfigurement, pain and suffering, and the associated medical costs from the treatment were the claims for damages. Johnson & Johnson challenged causation of Mrs. Berg's cancer, but did not challenge the legitimacy of her damages from having and being treated for ovarian cancer. At closing argument, defense counsel stated that if the jury found that the cancer was

4

caused from Johnson & Johnson talc to award Mrs. Berg her medical bills. This statement confirms the lack of dispute of the damage inflicted by cancer treatment. It is also an improper suggestion as an award for medical bills only is reversible error in South Dakota. Reinfeld v. Hutcheson, 2010 SD 42 (S.D. 2010). Lastly, no issue of contributory negligence or a third-party cause of the cancer was litigated at trial.

The Eighth Circuit has been crystal clear that a new trial on damages is justified in cases like the one at hand. "A new trial on damages alone is appropriate where liability is established and the only issue is the amount of damages." Kemp v. Balboa, 23 F.3d 211, 214 (8th Cir. 1994).

In Kemp, "the jury found [the defendant] is liable—a determination not challenged on appeal," but there was a problem with testimony at trial that should have been excluded. 23 F.3d. at 214. "The only issue infected by [the witness'] testimony is the amount of actual damages," the Eighth Circuit ruled that "a new trial on that issue alone is appropriate." Id.; *see also* Williams v. Armontrout, 977 F.2d 437, 440-41 (8th Cir. 1992) (ordering new trial on damages was proper when there was "no doubt" plaintiff suffered injury, but jury was confused on amount to award for loss).

Quoting the Supreme Court, the Seventh Circuit has held that "Partial trials are proper if 'it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" McClain v. Owens-Corning Fiberglas Corp., 139 F.3d 1124, 1128 (7th Cir. 1998) (*quoting* Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500 (1931)).

In McClain, the issue of the defendant's "liability presented a question distinct from that of damages." Id. As in this case, "[t]he finding of liability required [the plaintiff]

to prove knowledge, breach of a duty of care, and causation, while the damages issue concerned loss to the [plaintiff's] family caused by [the plaintiff's] death." Id. Therefore the factual inquiry between "these issues are sufficiently separate" to "order[] the new trial to proceed on the question of damages alone." Id.

In this case, it is uncontested that the jury found in favor of Mrs. Berg on the negligent failure to warn claim. However, the jury failed to return any damages, despite ample proof at trial of Mrs. Berg's substantial medical costs, permanent hearing loss, permanent physical debilitation as a result of chemotherapy, and reasonably foreseeable future medical costs. The only cause of this decision is the contradictory and improper instruction to the jury in Verdict Form Question 4(a) stating that the jury could reach a finding of no damages.

The South Dakota Supreme Court has reviewed the issue of a jury finding liability and causation and not awarding damages several times. Most common to each case, the jury awarded out-of-pocket costs but did not make an award of pain and suffering or lost enjoyment of life damages. The analysis of the decisions and the ultimate finding of the South Dakota Supreme Court that a new trial is properly granted holds true in the case before this Court.

In the most analogous case, the South Dakota Supreme Court in Reinfeld found that the award of medical bills and out-of-pocket damages and no award for pain and suffering was in error. Notably, "the jury specifically found that Hutcheson's negligence was the legal cause of Reinfeld's injuries and awarded Reinfeld the exact amounts she claimed for past and future medical expenses." Id. at ¶ 18. In Mrs. Berg's case, the jury found in Verdict Form Question 3 that Johnson & Johnson had failed to warn of

potential injury to Mrs. Berg *and* that the negligence caused Mrs. Berg's injuries. Under Final Instruction No. 8, the jury was to find for Johnson & Johnson if Mrs. Berg's injuries were not proved to be caused by Johnson & Johnson's negligence.

Since Mrs. Berg's only claim for injury was the causation of her ovarian cancer and the associated treatment and permanent effects thereof, the jury was required to make an award of damages. Final Instruction No. 11 directed the jury to do this very act. Inexplicably, the jury did not follow this instruction and apparently followed the improper suggestion in the Verdict Form Question 4(a) that "none" was a potential damage. Plaintiff could find no authority in South Dakota that a personal injury could produce no damages.

This is not a situation where contributory negligence could reduce or eliminated Mrs. Berg's damages. Contributory negligence was not tried to this jury. It was undisputed that Mrs. Berg had cancer and suffered pain and disfigurement from the surgery and other cancer chemotherapy treatments. Likewise, in Reinfeld, the jury failed to award pain and suffering damages while finding the defendant's negligence caused an injury. Id. at ¶ 19. This is an erroneous finding as a result of the improper Verdict Form.

The standard of review in this case requires plain error. There can be no more plain error as to give a jury contradictory instructions which can lead to an impermissible conclusion; i.e., a personal injury can produce no damage. Logically and legally this conclusion cannot be supported. Once the jury reached its decision that Johnson & Johnson's negligence caused Mrs. Berg's injury, damages were then required.

The South Dakota Supreme Court reached similar conclusions in <u>Morrison v. Mineral Palace Ltd. P'ship</u>, 1998 SD 33, 576 NW2d 869; and <u>Gould v. Mans</u>, 82 SD 574, 152 NW2d 92 (1967).  When the South Dakota Supreme Court has rejected a new trial on the denial of a damage award, the decision has turned on witness credibility in a general verdict award <u>Waldner v. Berglund</u>, 2008 SD 75, 754 NW2d 832; or a specific finding by the jury that the admitted negligence did not cause the injury <u>Lewis v. Sanford Med. Ctr.</u>, 2013 SD 80.  Neither of these situations are present in Mrs. Berg's case.

## **CONCLUSION**

Consistent with the South Dakota Supreme Court decision in <u>Reinfeld</u> and as in the Eighth Circuit's opinion in <u>Kemp</u>, liability is absolutely established, and the only remaining issue is damages.  The calculation of damages should be established at a new trial.

For that reason, the Plaintiff respectfully requests that the trial court order a new trial on damages alone.

RESPECTFULLY SUBMITTED this, the 17th day of December, 2013.

                                   DEANE BERG, PLAINTIFF

                                   BY: */s/ Gregory A. Eiesland*
                                            GREGORY A. EIESLAND

OF COUNSEL:

Gregory A. Eiesland, Esq.
JOHNSON EIESLAND LAW OFFICES, PC
Post Office Box 6900
Rapid City, SD  57709
Telephone:  (605) 348-7300
Facsimile:  (605) 348-4757
E-mail:  geiesland@aol.com

R. Allen Smith, Jr. – MSB #99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, MS 39157
Telephone: (601) 952-1422
Facsimile: (601) 952-1426
E-mail:  allen@smith-law.org

Timothy W. Porter – MSB No. 9687
Patrick C. Malouf – MSB No. 9702
John T. Givens – MSB No. 101561
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:   (601) 957-1173
Facsimile:    (601) 957-7366
E-mail:  tim@portermalouf.com
E-mail:  patrick@portermalouf.com
E-mail:  johnny@portermalouf.com

David Neil McCarty - MSB No. 101620
DAVID NEIL MCCARTY LAW FIRM, PLLC
416 East Amite Street
Jackson, MS  39201
Telephone:  (601) 874-0721
Facsimile:  (866) 236-7731
E-mail:  dnmlaw@gmail.com

9

## CERTIFICATE OF SERVICE

I, Gregory A. Eiesland, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing instrument with the Clerk of Court using the ECF system which sent notification of such filing to the following:

J. Crisman Palmer, Esq.
Gunderson, Palmer, Nelson & Ashmore, LLP
Post Office Box 8045
Rapid City, SD  57709
E-mail:  cpalmer@gpnalaw.com

Gene M. Williams, Esq.
Kathleen Frazier, Esq.
Shook, Hardy & Bacon, LLP
600 Travis Street, Suite 1600
Houston, TX  77002
E-mail:  gmwilliams@shb.com
E-mail:  kfrazier@shb.com

Mark C. Hegarty, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO  64108
E-mail:  mhegarty@shb.com

Scott James, Esq.
Shook, Hardy & Bacon, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX  77002-2926
E-mail:  sjames@shb.com

Manuel López, Esq.
Shook, Hardy & Bacon, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX  77002-2926
E-mail:  dmlopez@shb.com

***Attorneys for Defendants, Johnson & Johnson, and
Johnson & Johnson Consumer Companies, Inc.***

          THIS, the 17th day of December, 2013.

          __/s/ Gregory A. Eiesland_____
            GREGORY A. EIESLAND