UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE BERG, | ) | CIV. 09-4179-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR NEW TRIAL AND |
| | ) | DENYING DEFENDANTS' |
| JOHNSON & JOHNSON | ) | RENEWED MOTION FOR |
| CONSUMER COMPANIES, INC., | ) | JUDGMENT AS A MATTER OF |
| | ) | LAW |
| Defendant. | ) | |

Plaintiff, Deane Berg, brought suit against defendants, Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and others, alleging claims for strict products liability, negligent products liability, breach of warranties, civil conspiracy, and acting in concert. After the court entered various orders following motions by defendants, the claims that remained for trial were Berg's claims for strict products liability, negligent products liability, breach of warranties, and civil conspiracy against defendants Johnson & Johnson and J&J Consumer Companies.

A jury trial commenced on Berg's remaining claims on September 24, 2013. At the conclusion of Berg's case-in-chief, defendants moved for judgment as a matter of law on all claims. The court entered judgment in favor of Johnson & Johnson with respect to all claims against it as well as in favor of J&J Consumer Companies with respect to Berg's claims for civil conspiracy and breach of warranties. The court

reserved ruling on J&J Consumer Companies' motion regarding Berg's strict products liability and negligent products liability claims. J&J Consumer Companies renewed its motion at the conclusion of the evidence, and the court again reserved ruling. The jury returned a verdict in favor of J&J Consumer Companies on Berg's strict products liability claim, returned a verdict in favor of Berg on her negligent products liability claim, and awarded no damages. The court then took up J&J Consumer Companies' motion for judgment as a matter of law on Berg's claim for negligent products liability and denied the motion.

Berg now moves the court for a new trial on the issue of damages only, arguing that the verdict form incorrectly instructed the jury on the law. J&J Consumer Companies resists the motion. Separately, J&J Consumer Companies[1] filed a renewed motion for judgment as a matter of law "solely to preserve their arguments . . . in the event Plaintiff appeals." Docket 333 at 1. Berg resists the motion. For the following reasons, the motions are denied.

---

[1] Johnson & Johnson was also named as a movant in the renewed motion for judgment as a matter of law. Judgment was entered in favor of Johnson & Johnson on all claims against it. Therefore, to the extent Johnson & Johnson moves for judgment as a matter of law, any such motion is moot.

## BACKGROUND

The facts of this case are well known to the parties and the court and have been set out in previous orders filed by this court. Nonetheless, the court offers a brief summary for purposes of this order.

Berg used J&J Consumer Companies' products—Johnson's Baby Powder and Shower to Shower—on a daily basis in her perineum area to relieve chafing and for feminine hygiene purposes from 1975 until 2007. Some time in late 2006, Berg underwent a pelvic exam that revealed blood clotting in her ovaries. On December 26, 2006, Berg was diagnosed with ovarian cancer.

Talc is one of the main ingredients in Johnson's Baby Powder and Shower to Shower. Berg alleges the talc found in defendants' products caused her ovarian cancer and claims J&J Consumer Companies should have included a warning on its products. J&J Consumer Companies stipulated that placement of a warning on its products is physically feasible, but it argued that no warning is necessary because talc does not cause ovarian cancer, either generally or specifically in Berg's case.

Following a jury trial spanning two weeks, the court submitted two claims to the jury: strict liability failure to warn and negligent failure to warn. After deliberating for two days, the jury returned a verdict in favor of J&J Consumer Companies on the strict liability claim and in favor of Berg on the negligence claim. In response to two questions in the verdict form asking the jury to determine the amount of damages

3

Berg was entitled to as a result of J&J Consumer Companies' negligence, the jury responded "none." Therefore, no damages were awarded. Berg did not object to the verdict form when the instructions and verdict form were being settled, and neither party objected to the jury's verdict when it was returned.

## DISCUSSION

### I.     Motion for New Trial on Damages

Berg moves for a new trial solely on the issue of damages under Federal Rule of Civil Procedure 59(a). Under Rule 59(a), the court may grant a new trial "on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Specifically, Berg argues that the verdict form provided to the jury was inconsistent with the jury instructions and South Dakota law.

"To preserve alleged errors in the jury instructions, a party must make a specific objection that distinctly states the matter objected to and the grounds for the objection" before the jury is released. *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 875-76 (8th Cir. 2012). If not preserved, then the party attacking the jury instructions must establish plain error. *Id.* at 876. Plain error only exists if (1) the instructions, taken as a whole, deviate from a legal rule; (2) the error is clear under current law; and (3) the error affects substantial rights. *Id.* at 877. "Plain error will not be corrected unless . . . it seriously affects the integrity, fairness, or public reputation of judicial

4

proceedings." *Id.* Plain error "must result in a miscarriage of justice" if left uncorrected. *Id.* at 876. Berg admits that she did not object to the verdict form during trial. Thus, she must establish plain error.[2]

Berg specifically takes issue with Question 4 in the verdict form. "In reviewing a substantive challenge to jury instructions, the pertinent inquiry is 'whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury.' " *Horstmyer v. Black & Decker, Inc.*, 151 F.3d 765, 771 (8th Cir. 1998) (quoting *Kan. City Power & Light Co. v. Ford Motor Credit Co.*, 995 F.2d 1422, 1430 (8th Cir. 1993)). Question 4 had two parts, 4(a) and 4(b). Question 4(a) provided:

> If you found in favor of Deane Berg on the issue of liability on either her strict liability claim or her negligence claim, then determine the total amount of damages, if any, for the reasonable value of necessary medical care, treatment, and services received by Deane Berg in the past, as explained in Final Instruction No. 11.  State the amount, or, if none, write the word "none."

Docket 327 at 2. And question 4(b) read:

> Determine the total amount of damages, if any, for all other damages to which Deane Berg is entitled, as explained in Final Instruction Nos. 11, 12, 13, and 14. State the amount, or, if none, write the word "none."

*Id.* Final Instruction No. 11 provided:

> If you decide for Berg on the question of liability you must then fix the amount of money which will reasonably and fairly compensate Berg

---

[2] The parties agree that plain error review applies here.

for any of the following elements of loss or harm suffered in person or property and proved by the evidence to have been legally caused by Johnson & Johnson Consumer Companies, Inc.'s conduct, taking into consideration the nature, extent, and duration of the injury, whether such loss or harm could have been anticipated or not, namely:

(1)   The disability and disfigurement;

(2)   The pain and suffering, mental anguish, and loss of capacity of the enjoyment of life experienced in the past and reasonably certain to be experienced in the future as a result of the injury; and

(3)   The reasonable value of necessary medical care, treatment, and services received, and the reasonable value of the necessary expense of medical care, treatment, and services reasonably certain to be received in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

Docket 326 at 14. The jury returned a verdict in which it found in favor of Berg on

her negligence claim[3] but awarded no damages, writing "none" in response to

_____

[3] Final Instruction No. 8 provided:

Berg also claims that Johnson & Johnson Consumer Companies, Inc. is liable because it acted negligently in failing to warn with respect to its products. To establish that Johnson & Johnson Consumer Companies, Inc. is liable for negligence, Berg must prove the following two elements by the greater convincing force of the evidence:

*One*, that Johnson & Johnson Consumer Companies, Inc. was negligent;

Negligence is the failure to use reasonable care. It is the doing of something which a

reasonable manufacturer would not do, or the
failure to do something which a reasonable
manufacturer would do, under facts similar to
those shown by the evidence. The law does
not say how a reasonable manufacturer would
act under the facts similar to those shown by
the evidence. That is for you to decide.

(A)     A manufacturer of a product has a duty
to give adequate warning of such known or
reasonably anticipated dangers of the product
where injury to a user can be reasonably
anticipated if an adequate warning is not
given for a reasonably foreseeable use of the
product.

(B)     A manufacturer of a product has a duty
to give adequate instructions as to the use of
the product where injury to the user can be
reasonably anticipated if adequate instruction
is not given for a reasonably foreseeable use
of the product.

A failure to fulfill either (A) or (B) is negligence.

*And two*, **that the negligence was a legal cause of Berg's injuries.**

The term "legal cause" means an immediate cause which,
in the natural or probable sequence, produces the injury
complained of. For legal cause to exist, the harm suffered
must be a foreseeable consequence of the act complained
of. In other words, liability cannot be based on mere
speculative possibilities or circumstances and conditions
remotely connected to the events leading up to an injury.
Defendant's conduct must have such an effect in
producing the harm as to lead reasonable people to regard
it as a cause of Berg's injury.

7

questions 4(a) and 4(b). Berg claims that instructing the jury that it could award zero damages after a finding in favor of Berg on the issue of liability amounts to plain error.

As applied to the facts of this case, Berg must show that (1) the verdict form and instructions deviate from a legal rule; (2) the error is clear under current law; and (3) the error affects substantial rights. *See Lopez*, 690 F.3d at 877. Berg's overriding contention is that an award of zero damages after a finding of liability is legally impossible. The court applies South Dakota law in determining the substance of the jury instructions in this diversity case. *Horstmyer*, 151 F.3d at 771.

Under South Dakota law, the "issue of damages in a personal injury action is peculiarly a question for the jury." *Berry v. Risdall*, 576 N.W.2d 1, 4 (S.D. 1998). The South Dakota Supreme Court has consistently taken the position that a jury's verdict

---

A legal cause is a cause that produces a result in a natural and probable sequence, and without which the result would not have occurred.

A legal cause does not need to be the only cause of a result. A legal cause may act in combination with other causes to produce a result.

If either of these elements has not been proved by the greater convincing force of the evidence, then your verdict must be for Johnson & Johnson Consumer Companies, Inc. on this claim.

Docket 326 at 10.

should "not be set aside except in extreme cases as where it is the result of passion or prejudice or the jury has palpably mistaken the rules of law by which damages in a particular case were to be measured." *Simons v. Kidd*, 42 N.W.2d 307, 309 (S.D. 1950); *see also Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D. 1983); *Berry*, 576 N.W.2d at 4. Berg argues that an award of zero damages after a finding of liability is legally impossible and falls under the second scenario—"the jury has palpably mistaken the rules of law." Berg, however, fails to direct the court to South Dakota case law that stands for the proposition that a finding of negligence liability requires an award of damages. On the contrary, South Dakota law allows for an award of zero damages after a finding of liability.

Perhaps the clearest example of the South Dakota Supreme Court upholding an award of zero damages simultaneously with a plaintiff's verdict is *Kusser v. Feller*, 453 N.W.2d 619 (S.D. 1990). *Kusser* involved a motor vehicle accident in which the jury returned a verdict in favor of the plaintiff but awarded no damages. *Id.* at 620. Following the jury verdict, the plaintiff moved for a new trial, arguing the jury awarded inadequate damages. *Id.* at 620. The motion was denied, and the plaintiff appealed. The Supreme Court affirmed the trial court's decision under two alternative grounds. The Supreme Court found that the jury may have concluded the damages the plaintiff sought were not caused by the accident or that the jury may have determined the plaintiff was contributorily negligent. *Id.* at 621. Specifically, the

9

Supreme Court stated, "In this case, the jury may have concluded that [the defendant] was negligent, but that damages were not established with reasonable certainty." *Id.* at 622. The verdict in favor of the plaintiff with an award of zero damages was therefore upheld.

Other South Dakota cases in which a jury has returned a verdict for the plaintiff accompanied by an award of zero damages exist. *See, e.g., Hewitt v. Felderman*, 841 N.W.2d 258 (S.D. 2013); *Lewis v. Sanford Medical Center*, 840 N.W.2d 662 (S.D. 2013); *K & E Land and Cattle, Inc. v. Mayer*, 330 N.W.2d 529 (S.D. 1983); *Lewis v. Storms*, 290 N.W.2d 494 (S.D. 1980). In those cases, the South Dakota Supreme Court did not conclude that the jury's finding of liability without damages required a new trial. Rather, the Supreme Court determined that either the jury verdict would stand, *see Hewitt*, 841 N.W.2d at 263-64 ("Given the evidence which supports the jury's verdict, this Court is not inclined to supplant the jury's important role as finder of fact."); *Lewis*, 840 N.W.2d at 666-67 (finding that the circuit court abused its discretion in granting a new trial and that the award of zero damages should be sustained), or, alternatively, that the court should amend the verdict and make it in favor of the defendant because an award of zero damages is in actuality a verdict in favor of the defendant.[4] *See K & E Land and Cattle, Inc.*, 330 N.W.2d at 533; *Lewis*, 290

---

[4] Although a trial court has the power to amend a verdict to make it conform to the intention of the jury, it should be clear that the verdict is contrary to the intention of the jury before doing so. *Kusser*, 453 N.W.2d at 622.

10

N.W.2d at 498. None of these cases support Berg's position that a new trial solely on the issue of damages is appropriate and, in fact, they support just the opposite.

The South Dakota Pattern Jury Instructions also recognize the possibility that zero damages can be awarded after a finding of liability on a negligence claim. Pattern Instruction 1-50-10 provides as follows:

> The issues to be determined by you in this case are these:
>
> First, was the defendant negligent?
>
> If your answer to that question is "no," you will return a verdict for the defendant. If your answer is "yes," you will have a second issue to determine, namely:
>
> Was that negligence a legal cause of any injury to the plaintiff?
>
> If your answer to that question is "no," plaintiff is not entitled to recover; but if your answer is "yes," you then will determine the amount of damages, *if any*, plaintiff is entitled to recover and return a plaintiff's verdict for the amount thereof.

S.D. Pattern Jury Instruction (Civil) 1-50-10 (emphasis added). By using the words "if any," the pattern instruction recognizes that an award of zero damages even after a finding of liability may be possible.[5] Indeed, the court used a variation of this very instruction. *See supra* footnote 3.

---

[5] Furthermore, the comments to the instruction note that this "instruction is to be given where the court decides that the rule of contributory negligence does not apply or where the rule of comparative negligence is not given." S.D. Pattern Jury Instruction (Civil) 1-50-10. This suggests that a zero damages award is possible even when contributory negligence is not an issue.

Berg directs the court to a line of cases which she argues supports her position, including *Kemp v. Balboa*, 23 F.3d 211 (8th Cir. 1994); *Reinfeld v. Hutcheson*, 783 N.W.2d 284 (S.D. 2010); *Morrison v. Mineral Palace Ltd. P'Ship*, 576 N.W.2d 869 (S.D. 1998); and *Gould v Mans*, 152 N.W.2d 92 (S.D. 1967). *Kemp* was a § 1983 claim arising under federal law. 23 F.3d at 211. The Eighth Circuit Court of Appeals, applying federal law, determined that the district court improperly admitted testimony regarding damages and remanded for a new trial on damages alone. *Id. Kemp* did not apply South Dakota law, did not involve a negligence claim, nor did the jury return a verdict for plaintiff with no damages. Thus, *Kemp* is of little help to Berg.

*Reinfeld*, *Morrison*, and *Gould* all stand for the same proposition but not one that is of use to Berg. In all three cases, the South Dakota Supreme Court determined that a finding of liability coupled with damages awarded for medical expenses necessitated a damages award for pain and suffering as well. The notion is that a "jury cannot award recovery for medical expenses and without reason deny recovery for the very injuries necessitating the medical expenses." *Reinfeld*, 783 N.W.2d at 288 (quoting *Gould*, 152 N.W.2d at 93). Here, however, the jury did not award Berg medical expenses. Docket 327 at 2. The jury responded with the word "none" to both medical expenses damages as well as to all other damages. *Id.* Thus, *Reinfeld*, *Morrison*, and *Gould* are inapposite. Berg offered no other legal support for her position.

Berg's inability to establish that, under South Dakota law, a finding of liability necessitates damages is fatal to her request for a new trial. Because the verdict form and instructions are analyzed under the plain error standard and because Berg failed to identify how the court deviated from a legal rule or how any such deviation was a clear error under current South Dakota law, her request for a new trial is denied. *See Lopez*, 690 F.3d at 877.

## II.    Renewed Motion for Judgment as a Matter of Law

Defendants Johnson & Johnson and J&J Consumer Companies submit a renewed motion for judgment as a matter of law. Defendants' brief in support of their renewed motion is almost identical to the brief submitted in support of their original motion for judgment as a matter of law.[6] Defendants have not offered any arguments that are materially different from the arguments they previously submitted. The court considered defendants' arguments and denied their motion for judgment as a matter of law in its previous order dated November 19, 2013. Docket 330. Incorporating the same analysis as in its November 19, 2013, order, the court denies defendants' renewed motion for judgment as a matter of law.

---

[6] Indeed, defendants start their brief by asserting: "Defendants file this Renewed Motion for Judgment as a Matter of Law solely to preserve their arguments as required by Rule 50(b) of the Federal Rules of Civil Procedure in the event Plaintiff appeals." Docket 333 at 1.

13

## CONCLUSION

Because Berg failed to object to the verdict form and jury instructions during trial, Berg was required to establish that plain error existed in the court's instructions and verdict form. Berg failed to do so because she was unable to establish that the court's instructions and verdict form deviated from a legal rule under South Dakota law or establish that the error was clear under current law. Because Berg has not shown plain error, her motion for a new trial is denied.

Defendants' renewed motion for judgment as a matter of law is denied for the reasons set out in this court's November 19, 2013, order, which denied defendants' original motion for judgment as a matter of law. Accordingly, it is

ORDERED that plaintiff's motion for new trial on damages only (Docket 334) is denied.

IT IS FURTHER ORDERED that defendants' renewed motion for judgment as a matter of law (Docket 332) is denied.

Dated April 30, 2014.

BY THE COURT:


/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

14